ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASKED, IN EFFECT:
 WOULD A COUNTY OFFICER OR EMPLOYEE VIOLATE THE PROVISIONS OF ARTICLE XV, SECTION 1, OF THE OKLAHOMA CONSTITUTION OR 51 O.S. 2 (1991) BY THE ACCEPTANCE OF TRAVEL AND ACCOMMODATIONS TO A VENDOR'S PLACE OF BUSINESS IN ORDER TO INSPECT OR VIEW THE VENDOR'S PRODUCT?
BECAUSE THE CONSTITUTIONAL PROVISION AND STATUTE ABOVE HAVE RECENTLY BEEN REVIEWED BY THE OKLAHOMA SUPREME COURT, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
ARTICLE XV, SECTION 1, OF THE OKLAHOMA CONSTITUTION PROVIDES:
 "ALL PUBLIC OFFICERS, BEFORE ENTERING UPON THE DUTIES OF THEIR OFFICES, SHALL TAKE AND SUBSCRIBE TO THE FOLLOWING OATH OR AFFIRMATION:
 "I, (NAME), DO SOLEMNLY SWEAR (OR AFFIRM) THAT I WILL SUPPORT, OBEY, AND DEFEND THE CONSTITUTION OF THE UNITED STATES, AND THE CONSTITUTION OF THE STATE OF OKLAHOMA, AND THAT I WILL NOT, KNOWINGLY. RECEIVER DIRECTLY OR INDIRECTLY. ANY MONEY OR OTHER VALUABLE THING FOR THE PERFORMANCE OR NON-PERFORMANCE OF ANY ACT OR DUTY PERTAINING TO MY OFFICE, OTHER THAN THE COMPENSATION ALLOWED BY LAW; I FURTHER SWEAR (OR AFFIRM) THAT I WILL FAITHFULLY DISCHARGE MY DUTIES AS TO THE BEST OF MY ABILITY."
THE LEGISLATURE MAY PRESCRIBE FURTHER OATHS OR AFFIRMATIONS.
(EMPHASIS ADDED.)
TITLE 51 O.S. 2, PROVIDES:
 "EVERY STATE, COUNTY, TOWNSHIP, CITY, TOWN, SCHOOL DISTRICT, OR OTHER OFFICER UNDER THE LAWS OF THE STATE, AND EVERY DEPUTY OR ASSISTANT OF ANY SUCH OFFICER, SHALL, BEFORE ENTERING UPON DUTIES OF HIS OFFICE, TAKE AND SUBSCRIBE TO THE FOLLOWING OATH OR AFFIRMATION:
 "I,, DO SOLEMNLY SWEAR (OR AFFIRM) THAT I WILL SUPPORT, OBEY, AND DEFEND THE CONSTITUTION OF THE UNITED STATES, AND THE CONSTITUTION OF THE STATE OF OKLAHOMA, AND WILL DISCHARGE THE DUTIES OF MY OFFICE WITH FIDELITY; THAT I HAVE NOT PAID, OR CONTRIBUTED, EITHER DIRECTLY OR INDIRECTLY, ANY MONEY OR OTHER VALUABLE THING, TO PROCURE MY NOMINATION OR ELECTION (OR APPOINTMENT), EXCEPT FOR NECESSARY AND PROPER EXPENSES EXPRESSLY AUTHORIZED BY LAW, VIOLATED ANY ELECTION LAWS OF THE STATE, OR PROCURED IT TO BE DONE BY OTHERS IN MY BEHALF; THAT I WILL NOT KNOWINGLY RECEIVE. DIRECTLY OR INDIRECTLY ANY MONEY OR OTHER VALUABLE THING, FOR THE PERFORMANCE OR NON-PERFORMANCE OF ANY ACT OR DUTY PERTAINING TO MY OFFICE. OTHER THAN THE COMPENSATION ALLOWED BY LAW, AND FURTHER SWEAR (OR AFFIRM) THAT I WILL NOT RECEIVE USE OR TRAVEL UPON ANY FREE PASS OR ON FREE TRANSPORTATION DURING MY TERM OF OFFICE.
(EMPHASIS ADDED.)
STATE QUESTION 466, PASSED BY A VOTE OF THE PEOPLE ON SEPTEMBER 9, 1969, REMOVED, AMONG OTHER THINGS, THE LANGUAGE "AND . . . NOT RECEIVE, USE OR TRAVEL UPON ANY FREE PASS OR ON FREE TRANSPORTATION DURING MY TERM IN OFFICE" FROM ARTICLE XV, SECTION 1, OF THE OKLAHOMA CONSTITUTION. THE OKLAHOMA SUPREME COURT RECENTLY REVIEWED THE EFFECT OF THE AMENDMENT OF ARTICLE XV, SECTION 1 ON 51 O.S. 2 (1991). IN HENDRICKS V. WALTERS, P.2D, 65 O.B.J. 33 (OKLA.1993), THE COURT DETERMINED THAT THE AMENDMENT OF ARTICLE XV, SECTION 1, "TAKES THE PLACE OF ALL THE FORMER LAWS EXISTING UPON THE SUBJECT WITH WHICH IT DEALS." FURTHER, WHEN IT IS APPARENT FROM THE FRAMEWORK OF THE REVISION THAT WHATEVER IS EMBRACED IN THE NEW LAW SHALL CONTROL AND WHATEVER IS EXCLUDED IS DISCARDED, DECISIVE EVIDENCE EXISTS OF AN INTENTION TO PRESCRIBE THE LATEST PROVISIONS AS THE ONLY ONES ON THAT SUBJECT WHICH EXISTS.
ID. AT 65 O.B.J. 35.
THUS, THE COURT DETERMINED THAT THE "MANIFEST INTENT OF THE 1969 AMENDMENT WAS TO PROVIDE ONE MANDATORY CONSTITUTIONAL OATH FOR ALL PUBLIC OFFICERS IN A NEWLY PRESCRIBED FORM." ID. THE CONSTITUTIONAL OATH OF OFFICE HAS BEEN CONSTRUED TO APPLY TO BOTH STATE AND COUNTY OFFICERS. OKLAHOMA CITY V. OKLAHOMA RAILWAY CO., 92 P. 48 (OKLA.1908). THIS DOES NOT APPEAR TO HAVE BEEN CHANGED BY STATE QUESTION 466. ON THE OTHER HAND, PART OF THE AMENDMENT TO ARTICLE XV, SECTION 1, WAS THE REMOVAL OF THE PROHIBITION AGAINST TRAVELLING ON A FREE PASS OR ON FREE TRANSPORTATION WHILE IN OFFICE. THE APPARENT INTENT OF THE REMOVAL OF THAT LANGUAGE WAS TO ALLOW TRANSPORTATION TO BE PROVIDED BY A VENDOR. BY ITS OWN TERMS, ARTICLE XV, SECTION 1, APPLIES ONLY TO PUBLIC OFFICIALS, NOT PUBLIC EMPLOYEES. NEVERTHELESS, STATE AND COUNTY OFFICERS AND EMPLOYEES REMAIN, REGARDLESS OF OATH, PROHIBITED FROM "KNOWINGLY RECEIV(ING), DIRECTLY OR INDIRECTLY, ANY MONEY OR OTHER VALUABLE THING FOR THE PERFORMANCE OR NONPERFORMANCE OF ANY ACT OR DUTY PERTAINING TO HIS OR HER OFFICE, OTHER THAN COMPENSATION ALLOWED BY LAW." 74 O.S. 840.32 (1992).
IN ORDER TO ANSWER YOUR QUESTION, IT MUST BE DETERMINED WHETHER RECEIPT OF TRANSPORTATION BY A COUNTY OFFICER OR EMPLOYEE WOULD BE PROHIBITED BY THE PROSCRIPTION IN ARTICLE XV, SECTION 1 OR 74 O.S. 840.32 (1992), AGAINST RECEIPT OF "OTHER VALUABLE THING, FOR THE PERFORMANCE OR NON-PERFORMANCE OF ANY ACT OR DUTY" OF THE COUNTY OFFICER OR EMPLOYEE.
THE EVIDENT INTENT OF THIS LANGUAGE IS TO PROHIBIT PUBLIC OFFICERS OR EMPLOYEES FROM RECEIVING ANY FORM OF FINANCIAL OR OTHER BENEFIT TO INFLUENCE THEIR OFFICIAL FUNCTIONS AND DECISIONS. HOWEVER, TRAVEL TO REVIEW A VENDOR'S PRODUCT MAY MORE PROPERLY BE SEEN NOT AS A PERSONAL BENEFIT BUT A BENEFIT TO THE PUBLIC OFFICIAL'S OR EMPLOYEES OFFICE AS A MEANS BY WHICH TO FACILITATE BETTER PURCHASES. OF COURSE, THIS MAY BE ABUSED FOR PERSONAL GAIN. A SPECIFIC DETERMINATION OF THIS WOULD INVOLVE A QUESTION OF FACT OUTSIDE THE SCOPE OF AN ATTORNEY GENERAL'S OPINION. 74 O.S. 18B (1993). HOWEVER, IT IS APPROPRIATE TO NOTE THE NEED FOR STATE AGENCIES AND EMPLOYEES TO COMPLY WITH BOTH THE LETTER AND THE SPIRIT OF THE LAW AND AVOID EVEN THE APPEARANCE OF IMPROPRIETY, AS EXPRESSED BY THE OKLAHOMA SUPREME COURT IN WESTINGHOUSE ELECTRIC CORPORATION V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA.1986):
 GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES: FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH.
MOREOVER, THE COURT NOTED THAT IT IS THE:
 "PUBLIC POLICY OF THE STATE . . . THAT NO STATE OFFICER OR EMPLOYEE MAY ENGAGE IN ANY TRANSACTION WHICH IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF PUBLIC DUTIES OR PUBLIC INTEREST."
ID. AT 716.
IN ORDER TO DETERMINE WHETHER A VIOLATION OF ARTICLE XV, SECTION 1 OF THE OKLAHOMA CONSTITUTION OR 74 O.S. 840.32 (1992), OCCURRED, IT WOULD BE NECESSARY TO ASCERTAIN THE INTENT OF THE PARTIES INVOLVED IN THE TRANSACTION. THIS MAY BE ESTABLISHED FROM, AMONG OTHER THINGS, COMMENTS MADE BY THE GIVER OR RECIPIENT OF TRAVEL GRATUITIES, OR WHETHER GRATUITIES OTHER THAN TRAVEL WERE PROVIDED. AT SOME POINT, IT MAY BE POSSIBLE TO STATE THAT THE INFERENCE OF IMPROPRIETY HAS BECOME SO STRONG THAT THE FACT OF A VIOLATION OF THOSE PROHIBITIONS IS ESTABLISHED.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED THAT A COUNTY OFFICER OR EMPLOYEE WOULD NOT VIOLATE THE PROVISIONS OF ARTICLE XV, SECTION 1 OF THE OKLAHOMA CONSTITUTION OR 74 O.S. 840.32 (1992) BY THE ACCEPTANCE OF TRAVEL AND ACCOMMODATIONS TO A VENDOR'S PLACE OF BUSINESS IN ORDER TO INSPECT OR VIEW THE VENDOR'S PRODUCT UNLESS SUCH TRAVEL AND ACCOMMODATIONS ARE ACCEPTED BY A COUNTY OFFICER FOR THE PURPOSE OF THE IMPROPER PERFORMANCE OR NON-PERFORMANCE OF THE COUNTY OFFICER'S OFFICIAL DUTIES.
WHETHER THE ACCEPTANCE OF TRAVEL AND ACCOMMODATIONS BY A COUNTY OFFICER IN A GIVEN SITUATION IS FOR AN IMPROPER PURPOSE IS A QUESTION OF FACT WHICH CAN BE ANSWERED ON A CASE-BY-CASE BASIS ONLY.
(JAMES ROBERT JOHNSON)